UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTONIO EDWARDS, )
)
Petitioner, )
)
v. ) No. 1:05-CV-67 / 1:00-CR-70-2
) Chief Judge Curtis L. Collier
UNITED STATES OF AMERICA, )
)
Respondent. )
)
)

**MEMORANDUM**

*Pro se* petitioner Antonio Edwards ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Pursuant to the Court's Order (Court File No. 5), the United States filed a response (Court File No. 8). The Court finds the materials thus submitted, together with the record of the underlying criminal case (1:00-CR-70-2), conclusively show Petitioner is not entitled to relief on the claim asserted in his petition. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and will **DENY** Petitioner's motion for the reasons stated herein.

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

This Court has previously addressed a § 2255 motion by Petitioner, in which it provided these background facts:

> This Court sentenced Petitioner Edwards to 151 months in prison on March 23, 2001, after he pleaded guilty to a charge of conspiracy to distribute cocaine hydrochloride. In that proceeding, Edwards challenged certain relevant conduct listed in his

> presentence report. After hearing testimony on the challenged conduct, the Court found by a preponderance of evidence that the presentence report was correct with respect to the challenged relevant conduct. Because Edwards failed to truthfully admit relevant conduct and falsely denied relevant conduct, the Court determined that the defendant had not clearly demonstrated acceptance of responsibility for his offense and therefore it was inappropriate to adjust his offense level downward as recommended in the presentence report. The Court therefore denied the reduction and told Petitioner he could raise that issue on appeal.

*Edwards v. United States*, 246 F. Supp. 2d 911, 912 (E.D. Tenn. 2003).

Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") but his appeal was dismissed for want of prosecution. *Id.* at 913. Subsequently, Petitioner filed his original § 2255 motion, which this Court granted due to ineffective assistance of counsel in prosecuting his appeal. *Id.* at 916. The Court vacated Petitioner's sentence and ordered Petitioner be resentenced so he could file a new appeal. *Id.*

The Court subsequently resentenced Petitioner to 151 months (Case 1:00-CR-70-2: Court File No. 173). Petitioner appealed to the Sixth Circuit, which denied his appeal and affirmed his sentence. *United States v. Edwards*, 84 F.App'x 556, 558 (6th Cir. 2003) (unpublished). Regarding Petitioner's claim that he deserved a reduction in his offense level for acceptance of responsibility, the Sixth Circuit explained:

> The presentence report indicated that Edwards had a total offense level of 31 and a criminal history category of IV, which yielded a sentencing guideline range of 151 to 188 months of incarceration. At his final sentencing, Edwards argued that he was entitled to a reduction in his offense level for acceptance of responsibility. However, the district court's refusal to apply this reduction was not clearly erroneous, as the court had rejected Edwards's challenge to the factual basis of his relevant conduct.

*Id.*

Subsequently, Petitioner timely filed this § 2255 motion. Relying on Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466

(2000), Petitioner asks the Court to correct his sentence to reflect that he did accept responsibility.

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a

threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

**III. DISCUSSION**

Petitioner argues the Court's failure to give him a reduction for acceptance of responsibility led to an increase in his sentence in violation of *Apprendi* and *Blakely* (Court File No. 1, pp. 1-2). Petitioner contends he deserved the reduction because of "his timely confessions to the government in the way of entering a plea of guilty." (id., p. 3). He argues that the Court could not properly refuse to award a reduction unless a jury found the necessary facts beyond a reasonable doubt.

At both of Petitioner's sentencing hearings, the Court determined he was not entitled to a reduction for acceptance of responsibility (1:00-CR-70-2: Court File No. 167, pp. 73-77 & Court File No. 177, pp. 3-11). The Sixth Circuit affirmed that decision. *Edwards*, 84 F.App'x at 558. Absent exceptional circumstances or an intervening change in case law, Petitioner cannot use a § 2255 motion to relitigate an issue already decided. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Accordingly, the Court will not revisit its factual determination that Petitioner is undeserving of a reduction for acceptance of responsibility unless new case law necessitates it.

Petitioner points to *Apprendi*, which was decided before Petitioner was sentenced, and *Blakely*. In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Petitioner pleaded guilty to violating 21 U.S.C. §§ 846 and 841(b)(1)(A) (Case 1:00-CR-70-2: Court File No. 173). Under 21

4

U.S.C. § 841(b)(1), Petitioner faced a term of imprisonment of not less than 10 years or more than life. Petitioner's sentence of 151 months is within that range, so his sentence does not violate *Apprendi*. *See United States v. Hough*, 276 F.3d 884, 890 (6th Cir. 2002) ("because the district court did not exceed the maximum penalty, nor raise the minimum penalty prescribed in the statute, we find no *Apprendi* error").

In *Blakely*, the Supreme Court clarified that the prescribed statutory maximum is based solely on facts reflected in a jury verdict or admitted in a defendant's guilty plea. 542 U.S. at 303. Petitioner's *Blakely* claim is now governed by *United States v. Booker*, 543 U.S. 220 (2005). *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). *Booker* reaffirmed *Blakely* by holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Petitioner's claim fails for two reasons. First, *Booker* does not apply retroactively in collateral proceedings. *Humphress*, 398 F.3d at 860. The second reason is the same reason Petitioner's *Apprendi* claim failed. The Court could properly decline to give Petitioner a reduction for acceptance of responsibility because his resulting sentence was within the statutory range. The sentence does not exceed the maximum authorized by the facts, which were that Petitioner conspired to distribute cocaine hydrochloride. Petitioner admitted this charge by pleading guilty. He was sentenced to a term of imprisonment that did not exceed the maximum authorized by the facts established by his guilty plea. Accordingly, Petitioner's sentence does not violate *Blakely* or *Booker*.

### III.    CONCLUSION

For the reasons stated above, Petitioner's sentencing was not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Court File No. 1).

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**